UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TANYA O'BRIEN § | |
| § | |
| v. § | CIVIL CASE NO. 4:20-CV-477-SDJ |
| § | |
| UNITED STATES OF AMERICA § | |

**MEMORANDUM ADOPTING IN PART
THE REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 25, 2022, the Report of the Magistrate Judge, (Dkt. #41), was entered containing proposed findings of fact and recommendation that United States' Motion to Dismiss, (Dkt. #27), be granted. Having assessed the Report, and no objections thereto having been timely filed, the Court determines that the Magistrate Judge's Report should be adopted in part. Specifically, the Court adopts all portions of the Magistrate Judge's Report except the analysis of Flood Control Act Immunity, at pages 26 through 31 of the Report, and footnote 6 of the Report.

Federal district courts exercise limited subject-matter jurisdiction. When a specific basis for subject-matter jurisdiction over a claim is absent, a district court has no power to adjudicate the claim. *See Home Builders Ass'n of Miss. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)) ("A case is properly dismissed

1

for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."). Accordingly, Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for the dismissal of claims based on a "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1).

In her First Amended Complaint, the live pleading before the Court, Plaintiff Tanya O'Brien alleges a premises liability claim under the Federal Tort Claims Act (FTCA) against the United States for injuries she sustained while using public facilities at Little Ridge Park at Lavon Lake, located in Wylie, Collin County, Texas. (Dlt. #18). A plaintiff may only sue the United States if a federal statute explicitly provides for a waiver of sovereign immunity. The United States must consent to be sued, and that consent is a prerequisite to federal jurisdiction. *Delta Commercial Fisheries Ass'n v. Gulf of Mex. Fishery Mgmt. Council*, 364 F.3d 269, 273 (5th Cir. 2004).

The FTCA is recognized as providing a waiver of sovereign immunity and provides the sole basis of recovery for tort claims against the United States. *See* 28 U.S.C. § 1346 and § 2671, *et seq.*; *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 n.4 (5th Cir. 2006). The FTCA, however, enumerates a number of exceptions to this waiver of sovereign immunity, including an exception that excludes from its grant of subject-matter jurisdiction claims challenging "discretionary functions" performed by government employees. *Hix v. U.S. Army Corps. of Eng'rs*, 155 F. App'x 121, 125 (5th Cir. 2005) (per curiam). Invoking the "discretionary function" exception, the United States has argued that its immunity

is not waived under the FTCA as to O'Brien's claim. Based on this contention, the United States moved to dismiss O'Brien's claim for lack of subject-matter jurisdiction, thereby invoking Rule 12(b)(1).

The Magistrate Judge agreed with the United States, and this Court has adopted the Magistrate Judge's analysis and conclusion that the FTCA's "discretionary function" exception applies, the United States' immunity is not waived, and therefore this Court lacks subject-matter jurisdiction. Because the Court has concluded that it lacks subject-matter jurisdiction due to the application of the FTCA's "discretionary function" exception, the Court need not address the alternative ground for dismissal asserted by the United States under the Flood Control Act.

It is therefore **ORDERED** that United States' Motion to Dismiss, (Dkt. #27), is **GRANTED**. Plaintiff Tanya O'Brien's claims are **DISMISSED for lack of subject-matter jurisdiction**.

**So ORDERED and SIGNED this 28th day of April, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE